**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**


DONALD W. QUEER,    )
          )  Civil Action No. 08 – 493
     Petitioner, )
          )
   v.      )  Magistrate Judge Lisa Pupo Lenihan
          )
RANDALL E. BRITTON, THE )
ATTORNEY GENERAL OF THE )  ECF No. 26
STATE OF PENNSYLVANIA, and )
THE DISTRICT ATTORNEY OF )
THE COUNTY OF    )
WESTMORELAND,    )
          )
     Respondents. )


## <u>MEMORANDUM ORDER</u>

Petitioner has filed an "Emergency Motion to Re-Open Above Case and for

Extraordinary Relief." (ECF No. 26.) He claims that in the four years since this Court granted

him habeas relief in the form of reinstatement of his direct appeal rights *nunc pro tunc*, the

Commonwealth and the Court of Common Pleas of Westmoreland County have engaged in

numerous "staff tactics" to avoid having to hear his petition for post-conviction relief that he

filed on September 30, 2015, after the Pennsylvania Superior Court reaffirmed his judgment of

sentence on July 10, 2015.[1] Petitioner believes that this is due to the fact that his former trial

---

[1] On January 8, 2014, this Court conditionally granted Petitioner's Writ of Habeas Corpus unless Petitioner's direct appeal rights were reinstated *nunc pro tunc*. (ECF No. 24.) That occurred on January 31, 2014, and on March 3, 2014, notice of appeal was filed with the Pennsylvania Superior Court. *See* ECF No. 29. The Superior Court reaffirmed Petitioner's judgment of sentence on July 10, 2015, and Petitioner did not appeal to the Pennsylvania Supreme Court or the United States Supreme Court. <u>Id</u>. He filed a petition for post-conviction relief on September

1

counsel, Chris Feliciani, is now a Common Pleas Judge, and the state court is doing everything it can to protect him by concealing his incompetence. Without stating the legal basis under which the Court may do so, he asks that this Court reopen this case and grant him extraordinary relief by ordering the District Attorney of Westmoreland County to release him from custody.

This Court directed Respondents to file a response to Petitioner's Motion, which was filed on June 11, 2018. (ECF No. 29.) Respondents explain that since initiating his post-conviction proceedings on September 30, 2015, Petitioner has had two attorneys appointed to represent him who have both had to withdraw due to conflicts of interest, and that a third appointed attorney requested two ninety (90) day continuances before eventually filing an amended post-conviction petition on Petitioner's behalf on May 4, 2017. Shortly thereafter, however, Petitioner requested and was granted permission to represent himself. An evidentiary hearing was conducted on August 28, 2017, and was then continued for sixty (60) days to allow for additional subpoenas to be served. Unfortunately, another sixty (60) day continuance was granted on October 20, 2017 due to the unavailability of Judge Feliciana, Petitioner's former trial counsel. After several more scheduling conflicts, including the retiring from active service of President Judge Richard McCormick, Jr. on December 31, 2017,[2] and the *sua sponte* recusal of the entire active bench in Petitioner's post-conviction matter by President Judge Rita Hathaway on February 20, 2018, Petitioner's evidentiary hearing was finally scheduled for June 26, 2018, after Judge McCormick agreed to continue to serve as the judge in Petitioner's post-conviction proceedings.

---

30, 2015, alleging ineffective assistance of trial and appellate counsel. Id. Those post-conviction proceedings are the subject of Petitioner's complaints in the instant Motion.

[2] Judge McCormick served as the post-conviction judge in this matter.

As previously stated, Petitioner fails to present the Court with any legal basis to reopen these proceedings. He simply complains that he will not have enough time to argue his case, which will delay the process even further, and that he fears the transcripts of the hearing will be incomplete. He also assumes that the Commonwealth will continue to request continuances to file their brief after the hearing on June 26, 2018, and that Judge McCormick will drag it out before he issued his "biased" opinion.

Petitioner is incorrect if he assumes that this Court has any legal authority to release him due to what he believes are "stall tactics" and a conspiracy between the judges of Westmoreland County, the Commonwealth and the attorneys that have been appointed to represent him. Federal courts have held that claims concerning state post-conviction proceedings are simply not cognizable in federal habeas proceedings. Marquez v. Pennsylvania, No. 11-1116, 2011 WL 7087106, at *2 (W.D. Pa. Nov. 3, 2011). An attack on a state post-conviction proceeding "does not entitle the petitioner to habeas relief in respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself." Nichols v. Scott, 69 F.3d 1255, 1275 (5th Cir. 1995). "The federal role in reviewing an application for habeas relief is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's *collateral* proceeding does not enter into the habeas calculation . . . Federal habeas power is 'limited . . . to a determination of whether there has been an improper detention by virtue of the state court judgment.'" Hassine v. Zimmerman, 160 F.3d 941, 945 (3d Cir. 1998) (quoting Henderson v. Frank, 155 F.3d 159, 168 (3d Cir. 1998)).

Furthermore, Petitioner has not requested that this Court excuse exhaustion based on any inordinate delay in his post-conviction proceedings, nor has he shown that there has been an

inordinate delay by the state courts in disposing of his post-conviction proceedings. The Court

has reviewed Petitioner's Motion and finds that there are no valid grounds on which to grant the

requested relief. Thus, this 22nd day of June, 2018,

     **IT IS HEREBY ORDERED** that Petitioner's "Motion to Re-Open Above Case and for

Extraordinary Relief" (ECF No. 26) is **DENIED**.

                                      _____

                                        Lisa Pupo Lenihan
                                        United States Magistrate Judge

cc:  Donald W. Queer
     ET-9697
     SCI Houtzdale
     P.O. Box 1000
     Houtzdale, PA  16698-1000
     *Via First Class Mail*

     Counsel of Record
     *Via ECF Electronic Mail*